IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RANDALL K. BACHMAN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-39-H-DLC-RKS<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Randall K. Bachman's application for writ of habeas corpus. Mr. Bachman is a state prisoner proceeding pro se.

Mr. Bachman moves to proceed in forma pauperis. He has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis is granted.

Mr. Bachman challenges denial of his application for parole. He was convicted of two counts of second-degree murder. On November 10, 1977, he was sentenced to serve two concurrent sentences of life in prison. Pet. (Doc. 1) at 2-3 ¶¶ 2-4; Judgment (Doc. 2-1 at 2).

Mr. Bachman became eligible for parole in August 1991. He has appeared before the Montana Board of Pardons and Parole on 14 occasions.

1

Decision/Hearing Listing (Doc. 2-2 at 2). Each time, his application for parole has been denied based on the nature and severity of the offenses he committed, the fact that he committed multiple offenses, and strong objection to his release on parole from citizens and/or criminal justice authorities. See Case Dispositions (Doc. 2-3 at 2 ¶ B, 4 ¶ B, 5 ¶ B, 6 ¶ B). The Board has not found that Mr. Bachman requires additional education, treatment, or training in order to demonstrate that he is "at present ready and willing to fulfill the obligations of a law-abiding citizen." Mont. Code Ann. § 46-23-201(5) (2013). The Board has not found that Mr. Bachman needs to improve his conduct in prison; in fact, it has commended him on his "institutional adjustment." Case Disposition (Doc. 2-3 at 6). The Board has instead found that his release on parole would "diminish the seriousness of the crime" he committed and would "not be in the best interest of society." *See* Case Dispositions Oct. 28, 2005, and Oct. 30, 2013 (Doc. 2-3 at 5, 6).

Mr. Bachman was sentenced at a time when Montana inmates undoubtedly had a liberty interest in parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 376 (1987). That liberty interest entitles an *Allen* inmate to an opportunity to be heard on his application and to a written statement of the Board's reasons for its decision. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979).

Mr. Bachman does not claim that he was deprived of the procedural rights

guaranteed by *Allen* and *Greenholtz*. He instead asks the Court to declare that the Board finds he meets the statutory criteria for parole and so must release him on parole. He also contends that the Board may not deny parole based on factors that are immutable, such as the nature of his crime. He avers he has done everything the Board has required of him and so is entitled to release.

The law that applies to Mr. Bachman requires the Board to release an inmate when "in [it]s opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or to the community." Mont. Code Ann. § 46-23-201(1).[1] The state statute creates "a substantial and legitimate expectation that [Mr. Bachman] will be deprived of his liberty" – that is, denied release on parole – "only to the extent determined by the [Board] in the exercise of its statutory discretion." *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). But the statute does not prohibit the Board from relying on immutable factors in formulating its opinion and does not require the Board to release an inmate when "there is nothing more that [he] can do to qualify for parole." Br. in Supp. (Doc. 2) at 8-9. Neither state law nor *Allen*, *Greenholtz*, or the Federal Constitution confer on Mr. Bachman a right to be found suitable for release on parole.

The Montana Board of Pardons and Parole has consistently found that Mr.

---

[1] Before 1989, the statute provided that the Board "shall" release an inmate on parole when it finds he meets the statutory criteria. Since 1989, it has provided the Board "may" release the inmate when it finds he meets the statutory criteria. That amendment is not at issue here.

Bachman's release would be detrimental to the community. Therefore, by the plain terms of the statute, the Board is not required to release Mr. Bachman. Mr. Bachman received the procedural protections to which his liberty interest in parole entitled him. State law does not require his release or cabin the Board's discretion in the ways Mr. Bachman believes to be appropriate. That is "the beginning and the end of the federal habeas courts' inquiry." *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862 (2011). The petition should be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Mr. Bachman makes no showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). There are no close questions and there is no reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Bachman's motion to proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

# RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bachman may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bachman must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 25th day of June, 2014.

                                                                                  */s/ Keith Strong*
                                                                                  Keith Strong
                                                                                  United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.